IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 06-719-5 |
| JOSEPH WILLIAMS : | |

**MEMORANDUM**

Schiller, J.                                                                                                                             May 7, 2009

      In a ten-count Second Superseding Indictment, Joseph Williams is charged with participating in a large drug-trafficking operation centered in Chester, Pennsylvania. Williams is one of seven defendants charged in the Second Superseding Indictment. The Government asserts that Williams sold and distributed wholesale quantities of cocaine that he obtained from Donald Johnson, an unindicted co-conspirator. (Sec. Superseding Indictment ¶ 6.) Williams filed a motion to sever, seeking to be tried separately from his co-defendants listed in the Second Superseding Indictment. The motion is denied.

**I.     BACKGROUND**

      The Second Superseding Indictment is against the following individuals: Edward "Pooh" Kaplan, Leonard Mason, Troy Wiley, Trent Lewis, Joseph Williams, Joseph Dukes, and Khalil Benn. The Second Superseding Indictment claims that Kaplan was a multi-kilogram cocaine distributor who supplied his co-conspirators, including Mason, Johnson, Majeed, and Barksdale, with cocaine. (Sec. Superseding Indictment ¶¶ 3-4.) Mason supplied Johnson with cocaine and Johnson supplied cocaine to Wiley, Lewis, Williams, Dukes, and Benn. (*Id*. ¶¶ 5-6.) Those five individuals – Wiley, Lewis, Williams, Dukes, and Benn – served as Johnson's main drug distributors

and also sold cocaine from Johnson to other distributors in Chester. (*Id*. ¶ 7.)

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 8(b) allows the Government to charge "2 or more defendants if they are alleged to have participated in the . . . same series of acts or transactions, constituting an offense or offenses." Nonetheless, "the court may sever the defendants' trials" if the joinder of defendants "appears to prejudice a defendant or the government." FED R. CRIM. P. 14(a). The decision to sever rests in the discretion of this Court. *See United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005).

It is a "fundamental principle that the federal system prefers joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Lore*, 430 F.3d at 205 (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). Thus, Williams bears a "heavy" burden to show "that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *Zafiro*, 506 U.S. at 539; *Lore*, 430 F.3d at 205. In other words, a court should grant severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro*, 506 U.S. at 539).

## III. DISCUSSION

According to Williams, he is entitled to severance because a "large volume of evidence" does

not apply to him and it is "a matter of absolute certitude that the jury will be unable to compartmentalize the evidence." (Williams' Mot. to Suppress ¶ 6.) Additionally, he asserts that the large number of defendants and wide-ranging nature of the charges counsel in favor of severance. (*Id.* ¶ 7.)

The fact that the quantity of evidence directly applicable to Williams is less than that applicable to his co-defendants is not grounds for severance. *See United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) ("Neither a disparity in evidence, nor introducing evidence more damaging to one defendant than others entitles seemingly less culpable defendants to severance."). Furthermore, Williams is alleged to be part of a single conspiracy and thus acts committed by his co-conspirators are admissible against him. *See United States v. Hart*, 273 F.3d 363, 370 (3d Cir. 2001) (citing *United States v. DeLuca*, 137 F.3d 24, 36 (1st Cir. 1998)); *see also Eufrasio*, 935 F.2d at 568-69 ("The public interest in judicial economy favors joint trials where the same evidence will be presented at separate trials of defendants charged with a single conspiracy."). It is therefore not helpful to Williams that he is charged with direct involvement in the alleged conspiracy "only through an alleged association with Donald Johnson, an alleged unindicted co-conspirator." (Williams' Mot. to Sever ¶ 3.) One conspiracy, one trial.

Williams has failed to demonstrate that failure to sever will prejudice him or result in an unfair trial. He therefore has not carried his heavy burden. Although he claims that a jury will be unable to compartmentalize the evidence, his argument rests on his claims that he was a small fish in a large conspiracy. But, as noted earlier, being a small player is not a reason for separate trials. Additionally, if the Court severed Williams, his trial would largely repeat the trial against his co-conspirators. Such a legal doubleheader would be contrary to the Federal Rules of Criminal

Procedure and runs counter to the longstanding precept that defendants indicted together ought to be tried together. Finally, the Court can ensure Williams will receive a fair trial because it will issue jury instructions directing the jury to consider the evidence separately as to each defendant and each count. *See Lore*, 430 U.S. at 205-06.

## IV. CONCLUSION

Williams has failed to show prejudice should he be joined with his co-defendants at trial. His motion to sever is denied. An appropriate Order will be docketed with this opinion.